Trent J. Waddoups - (Bar No. 7657)
CARR & WADDOUPS
ATTORNEYS AT LAW, L.L.C.
8 East Broadway, Suite 609
Salt Lake City, Utah   84111
Telephone:  (801) 363-0888
Fax:  (801) 363-8512
Email: trent@cw-law.net

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SUEANN GROGAN-KING, individually and as presumed Personal Representative of the ESTATE OF MARK KING, deceased, and on behalf of the wrongful death heirs of MARK KING**,<br><br>Plaintiff,<br><br>v.<br><br>**RL SALT LAKE, LLC, a Delaware limited liability company, THYSSENKRUPP ELEVATOR CORPORATION, a foreign corporation, and JOHN DOES 1 - 5,**<br><br>Defendants. | **SECOND AMENDED COMPLAINT & RELIANCE ON JURY DEMAND**<br><br><br>Case No. 2:20-cv-00241-DBP<br><br>Magistrate Judge Dustin B. Pead |

**PURSUANT** to Rule 15 (a)(2), Federal Rules of Civil Procedure, and the

written stipulation of the opposing parties, Plaintiff, SueAnn Grogan-King,

Individually and as the presumed Personal Representative of the Estate of Mark King, deceased, and on behalf of the wrongful death heirs of Mark King, by and through  through her undersigned counsel, Plaintiff hereby complains of Defendants, RL Salt Lake, LLC ("Red Lion") ThyssenKrupp Elevator Corporation ("ThyssenKrupp"), and John Does 1 -5, ("John Does"), and for amended causes of action alleges:

## PARTIES

1. Plaintiff is a resident of the State of Montana.

2. Defendant Red Lion is a limited liability company organized in the State of Delaware, but--at all times material hereto–had its principal place of business business within Salt Lake County, State of Utah. .

3. Defendant ThyssenKrupp is a corporation incorporated in the State of Delaware, but--at all times material hereto–had its principal place of business within the State of Georgia.

4. Defendant John Does are individuals or entities, the identity of whom or which are presently unknown, but may be hereafter identified pursuant to discovery herein and the Utah Rules of Civil Procedure.

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) and (c).

6. Venue is proper in this Court pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendant transacted their affairs with Plaintiff in this district and a substantial part of the events giving rise to this action occurred in this district.

## GENERAL ALLEGATIONS

7. Defendant Red Lion operates and conducts business at a hotel in Salt Lake City, Utah, and this Defendant operated this hotel on January 11, 2018.

8. Defendant ThyssenKrupp repairs, services, equips, and maintains elevators in Salt Lake City, Utah, and–upon information and belief–this Defendant conducted these business activities on and before January 11, 2018 at the hotel operated by Defendant Red Lion.

9. Defendant John Does repair, service, equip, and maintain elevators in Salt Lake City, Utah, and–upon information and belief–these Defendants conducted these business activities on and before January 11, 2018 at the hotel operated by Defendant Red Lion.

10. On or about January 10, 2018, Mark King traveled from his home in Montana to Salt Lake City, Utah to obtain medical care and treatment at the VA Hospital..

11. On and before January 10, 2018, Defendant Red Lion had an agreement and understanding with the VA Hospital to provide hotel rooms to individuals, like Mr. King, who traveled to Salt Lake City for medical care and treatment.

12. As a result of the agreement and understanding between the VA Hospital and Defendant Red Lion, Mr. King was induced to, and did, make reservations to stay at the Red Lion Hotel, operated by Defendant Red Lion for two nights during the anticipated term of his medical care and treatment from January 10, 2018 until January 12, 2018.

13. At the time he made his reservations with Defendant Red Lion, Mr. King advised this Defendant that he was a patient at the VA Hospital, and Defendant Red Lion knew, or should have known, that Mr. King was coming for medical care and treatment.

14. As a result of its agreement and understanding with the VA Hospital, Defendant Red Lion knew, or should have known, that guests like Mr. King–who were coming for

*Second Amended Complaint & Jury Demand*
King v. Red Lion, ThyssenKrupp, et al.                                              Case No. 2:20-cv-00241-DBP

3

medical care and treatment at the VA Hospital–required the use of fully functioning elevator systems, equipped with appropriate safety measures and devices, to assist and protect these guests.

15.  Upon information and belief, Defendant Red Lion informed Defendant ThyssenKrupp and Defendant John Does of the agreement and understanding it had with the VA Hospital and the requirements that its guest–who were also patients at the VA Hospital–had for fully functioning elevator systems, equipped with appropriate safety measures–to assist and protect these guests.

16.  Upon information and belief, Defendant ThyssenKrupp and John Does knew or should have known, that guests like Mr. King–who were coming for medical care and treatment at the VA Hospital–required the use of fully functioning elevator systems, equipped with appropriate safety measures and devices, to assist and protect these guests.

17.  Notwithstanding the inducements made to Mr. King, the agreement and understanding between the VA Hospital and Defendant Red Lion, and the knowledge and awareness of Defendant Red Lion, Defendant ThyssenKrupp, and Defendant John Does, an elevator in the Red Lion hotel malfunctioned, was not fully functioning properly, or was not equipped with appropriate safety measures and equipment on January 11, 2018.

18.  As a result of the malfunction or lack of appropriate safety measures and equipment, the elevator doors closed on Mark King's leg at the Red Lion Hotel operated by Defendant Red Lion on January 11, 2018.

19.  As a direct and proximate result of the malfunctioning elevator doors, or the lack of appropriate safety measures and equipment, Mark King suffered  permanent, enfeebling, and disabling bodily injuries which caused him to suffer excruciating pain, suffering, and

*Second Amended Complaint & Jury Demand*
King v. Red Lion, ThyssenKrupp, et al.                                                          Case No. 2:20-cv-00241-DBP

4

severe emotional distress all to their respective general damage in amounts to be shown at trial.

20. As a direct and proximate result of the malfunctioning elevator doors, or the lack of appropriate safety measures and equipment, Mark King was unable to pursue his normal activities, avocations, and employment all to their respective general damage in amounts to be shown at trial.

21. As a direct and proximate result of the malfunctioning elevator doors, or the lack of appropriate safety measures and equipment, and the disabling bodily injuries he suffered, Mark King died on March 29, 2018.

22. As a direct and proximate result of Defendants' negligent, wrongful, and/or careless acts and omissions described herein, SueAnn Grogan-King–Mark's surviving spouse–and all of his surviving wrongful death heirs have suffered and will continue to suffer in the future the loss of a husband and provider, causing severe and permanent mental and emotional anguish; loss of care, comfort, companionship, society, guidance, love affection, association, assistance, services and support of Mark King and additional injuries and damages to be shown at trial.

23. As a direct and proximate result of Defendants' negligent, wrongful, and/or careless acts and omissions described herein, Plaintiff has incurred expenses necessary for medical care and treatment, the funeral and burial of Mark King, and additional economic losses and expenses together with general damages to be shown at trial.

*Second Amended Complaint & Jury Demand*
King v. Red Lion, ThyssenKrupp, et al.                                                                Case No. 2:20-cv-00241-DBP

5

## FIRST CLAIM FOR RELIEF

### (Negligence against Defendant Red Lion)

24. Plaintiff incorporates the preceding allegations as if fully set for here.

25. Defendant Red Lion owed a legal duty to Plaintiff and to Mark King to exercise reasonable care and to avoid injuring Mark King.

26. Defendant Red Lion failed to exercise reasonable care and/or acted carelessly, dangerously, recklessly, and in disregard of the rights or safety of its guests, including Mark King, by:

   a. failing to ensure the full function and operation of its elevators;

   b. failing to properly equip its elevators with all reasonable and necessary safety equipment;

   c. failing to operate and equip its elevators in violation of applicable standards, customs, ordinances, and codes; and

   d. in other negligent, wrongful, careless, and reckless acts or omissions that discovery may reveal.

27. Defendant Red Lion's negligent, careless, wrongful, dangerous and reckless acts and omissions were the direct and proximate cause of the injuries to ,and death of, Mark King and the harms, losses, injuries and damages sustained by Plaintiff, Mark King, and his heirs.

## SECOND CLAIM FOR RELIEF

### (Negligence against Defendant ThyssenKrupp)

28. Plaintiff incorporates the preceding allegations as if fully set for here.

*Second Amended Complaint & Jury Demand*
King v. Red Lion, ThyssenKrupp, et al.                                                         Case No. 2:20-cv-00241-DBP

6

29. Defendant ThyssenKrupp owed a legal duty to Plaintiff and to Mark King to exercise reasonable care and to avoid injuring Mark King.

30. Defendant ThyssenKrupp failed to exercise reasonable care and/or acted carelessly, dangerously, recklessly, and in disregard of the rights or safety of the guests at the Red Lion Hotel, including Mark King, by:

    a. failing to ensure the full function and operation of the elevators;

    b. failing to properly equip the elevators with all reasonable and necessary safety equipment;

    c. failing to operate and equip the elevators in violation of applicable standards, customs, ordinances, and codes; and

    d. in other negligent, wrongful, careless, and reckless acts or omissions that discovery may reveal.

31. Defendant ThyssenKrupp's negligent, careless, wrongful, dangerous and reckless acts and omissions were the direct and proximate cause of the injuries to ,and death of, Mark King and the harms, losses, injuries and damages sustained by Plaintiff, Mark King, and his heirs.

### THIRD CLAIM FOR RELIEF

### (Negligence against Defendant John Does)

32. Plaintiff incorporates the preceding allegations as if fully set for here.

33. Defendant John Does owed legal duties to Plaintiff and to Mark King to exercise reasonable care and to avoid injuring Mark King.

*Second Amended Complaint & Jury Demand*
King v. Red Lion, ThyssenKrupp, et al.                    Case No. 2:20-cv-00241-DBP

7

34. Defendant John Does failed to exercise reasonable care and/or acted carelessly, dangerously, recklessly, and in disregard of the rights or safety of the guests at the Red Lion Hotel, including Mark King, by:

    a. failing to ensure the full function and operation of the elevators;

    b. failing to properly equip the elevators with all reasonable and necessary safety equipment;

    c. failing to operate and equip the elevators in violation of applicable standards, customs, ordinances, and codes; and

    d. in other negligent, wrongful, careless, and reckless acts or omissions that discovery may reveal.

35. Defendant John Does' negligent, careless, wrongful, dangerous and reckless acts and omissions were the direct and proximate cause of the injuries to ,and death of, Mark King and the harms, losses, injuries and damages sustained by Plaintiff, Mark King, and his heirs.

## FOURTH CLAIM FOR RELIEF

### (Wrongful Death against All Defendants)

36. Plaintiff incorporates the preceding allegations as if fully set for here.

37. Utah Code § 78B-3-106 provides that when, as here, the death of Mark King was caused by the negligent, careless, wrongful, dangerous and reckless acts and omissions of another, the Plaintiff may maintain an action for damages against the person or entity causing the death.

*Second Amended Complaint & Jury Demand*
King v. Red Lion, ThyssenKrupp, et al.                                           Case No. 2:20-cv-00241-DBP

8

38. Defendants' negligent, careless, wrongful, dangerous and reckless acts and omissions were the direct and proximate cause of the death of Mark King and the harms, losses, injuries and damages sustained by Plaintiff, Mark King, and his heirs.

## FIFTH CLAIM FOR RELIEF

### (Loss of Consortium against All Defendants)

39. Plaintiff incorporates the preceding allegations as if fully set for here.

40. Utah Code § 30-2-11 provides that a spouse, like Plaintiff, may maintain an action against Defendants to recover for the loss of consortium and other damages described herein.

41. As a direct and proximate result of Defendants' negligent, wrongful, and/or careless acts and omissions described herein, SueAnn Grogan-King–Mark's surviving spouse–has suffered and will continue to suffer in the future the loss of consortium, care, comfort, affection, relationship, love, and the intimate and caring relationships she enjoyed with her husband, together with the loss of a husband and provider.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief against Defendants:

   A.   For special damages, including but not limited to medical, funeral, burial, and related expenses arising out of the injuries to, and death of, Mark King, and including past and future loss of income and loss of inheritance, all in amounts to be determined at trial;

*Second Amended Complaint & Jury Demand*
King v. Red Lion, ThyssenKrupp, et al.                                                Case No. 2:20-cv-00241-DBP

9

    B.    For general damages, including Mark King's pain and suffering, and Plaintiff's loss of the love, society, care, comfort, companionship, guidance, affection, services, association, and support of Mark King;

    C.    For statutory interest on special damages pursuant to Utah Code § 78B-5-824 from the date of the accident or incident described herein;

    D.    Plaintiff's costs of court; and

    E.    Such other and further relief as the Court deems just in the premises.

## RELIANCE ON JURY DEMAND

Plaintiff relies upon the demand contained in, and fee paid with, the original state court complaint filed herein.

DATED this 15th day of April, 2020.

        **CARR & WADDOUPS**

        /s/ Trent J. Waddoups
        _____
        TRENT J. WADDOUPS
        Attorneys for Plaintiff

*Second Amended Complaint & Jury Demand*
King v. Red Lion, ThyssenKrupp, et al.　　　　　　　　　　　　　　Case No. 2:20-cv-00241-DBP

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was mailed, postage prepaid, emailed or delivered through the court's electronic filing system to the following:

| | |
|---|---|
| ATTORNEYS FOR ThyssenKrupp Elevator: | Rick L. Rose<br>Blake M. Biddulph<br>RAY QUINNEY & NEBEKER P.C.<br>P.O. Box 45385<br>Salt Lake City, UT 84111 |
| ATTORNEYS FOR RL Salt Lake, LLC | Joseph E. Minnock<br>MORGAN, MINNOCK, RICE & MINER<br>136 South Main, Suite 800<br>Salt Lake City, UT 84101 |

DATED this   15th   day of April, 2020.

CARR & WADDOUPS

/s/ *Trent J. Waddoups*
TRENT J. WADDOUPS

*Second Amended Complaint & Jury Demand*
King v. Red Lion, ThyssenKrupp, et al.                    Case No. 2:20-cv-00241-DBP

11